# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAMON DONTE BEALIN,**

    **Petitioner,**

v.                                                  Case No. 19-CV-1478

**BRIAN FOSTER**

    **Respondent.**

## ORDER ON MOTION TO STAY

The petitioner, Damon Donte Bealin, who is currently incarcerated at the Waupun Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Amended Petition, Docket # 8.) Bealin asks that the proceedings be stayed and held in abeyance while he pursues a motion for post-conviction relief under Wis. Stat. § 974.06. (Mot. to Stay, Docket # 16.) The Respondent objects to the stay. (Resp. to Mot., Docket # 17.) For the reasons below, the motion will be denied.

In his first amended petition for a writ of habeas corpus, Bealin raises a single issue: that the trial court should have held a *Machner* hearing before denying Bealin's post-conviction motion for a new trial based on ineffective assistance of counsel. (Docket # 8 at 6–9.) In my order screening Bealin's petition, I noted that Bealin had raised a question of state law that provided no basis for federal habeas relief. (Docket # 11 at 2.) However, as Bealin was proceeding *pro se*, I construed his claim liberally as one of ineffective assistance of trial counsel for failing to impeach a witness, which is cognizable on habeas review. (*Id.*) Bealin had raised that issue in his motion for post-conviction relief in the circuit court. (Docket # 15-2.) He now

requests a stay in order to file a post-conviction motion arguing ineffective assistance of appellate counsel for failing to raise ineffective assistance of trial counsel as an issue on appeal. (Docket # 16.) Bealin states that he also intends to argue that trial counsel was ineffective for failing to call defense witnesses. (*Id.* at 1, 3.)

Bealin misunderstands the stay and abeyance procedure. A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(A). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The Supreme Court has interpreted the exhaustion requirement as imposing a rule of "total exhaustion," that is, that all claims in the petition must be exhausted before a federal court may rule on the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Ordinarily, a petition containing any unexhausted claims is dismissed. *Id*. However, after Congress imposed a one-year statute of limitations on the filing of federal habeas petitions with the enactment of Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Court held that district courts have discretion to stay such a "mixed petition" and place it in abeyance, rather than dismiss it, in situations where dismissal is likely to terminate any federal review. See *Rhines v. Weber*, 544 U.S. 269, 274–78 (2005). A stay and abeyance is appropriate when there is good cause for the petitioner's failure to exhaust his claim first in state court, the exhausted claim is potentially meritorious, and the petitioner did not engage in intentionally dilatory tactics. *Id*. at 277–78.

Here, Bealin's petition is not a mixed petition. It contains a single claim of ineffective assistance of counsel for failing to impeach a witness, and that claim has been exhausted. Thus, stay of these proceedings under *Rhines* is inappropriate.

2

Construed liberally, if Bealin's intent is to add additional claims to his petition, he must first seek leave of the court to amend his petition to include them. See *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999) ("AEDPA allows every prisoner one full opportunity to seek collateral review. Part of that opportunity-part of every civil case is an entitlement to add or drop issues while the litigation proceeds."); *Lieberman v. Budz*, No. 00 C 2531, 2002 WL 1888396, at *3 (N.D. Ill. Aug. 16, 2002) (granting *pro se* petitioner leave to amend habeas petition and noting that "[w]hen dealing with pro se petitioners, leave to amend should be freely given"). Bealin is advised that the second amended petition will replace the prior petition and the second amended petition must be complete in itself without reference to the prior petition. If Bealin does not file a second amended petition, he must file a brief in support of his first amended petition (Docket # 8) within the same thirty (30) day period.

If Bealin does file a second amended petition and it contains unexhausted claims, Bealin would also need to file a new motion for a stay and abeyance on that mixed petition. To obtain a stay and abeyance, Baelin would need to show (1) good cause for his failure to exhaust his claim first in state court; (2) the exhausted claims are potentially meritorious; and (3) that he did not engage in intentionally dilatory tactics. Accordingly, if Bealin files a new motion to stay and hold in abeyance, he must address each of these factors.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Bealin's request to stay and hold in abeyance (Docket # 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Bealin shall have thirty (30) days within which to file a second amended petition as described **OR** a brief in support of the first amended petition.

Dated at Milwaukee, Wisconsin this 31st day of March, 2020.

                                       BY THE COURT:

                                       *s/Nancy Joseph*
                                       NANCY JOSEPH
                                       United States Magistrate Judge