UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAMON DONTE BEALIN,

    Petitioner,

  v.                                Case No. 19-CV-1478

BRIAN FOSTER,

    Respondent.

---

## DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL

---

    Damon Donte Bealin, who is currently incarcerated at the Waupun Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Bealin has requested appointment of counsel in this case. (Docket # 22.)

    The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. The court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible" if counsel is asked to represent an indigent petitioner. 18 U.S.C. § 3006A(a)(2). "[D]ue process does not require appointment of counsel for indigent prisoners pursuing . . . federal habeas relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Id.* at 649. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding *in forma pauperis*. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983).

As to financial eligibility, Bealin does not have to be indigent; he must demonstrate only that he is financially unable to obtain counsel. *United States v. Sarsoun*, 834 F.2d 1358, 1362 n.6 (7th Cir. 1987) ("The Criminal Justice Act . . . merely requires that a defendant be financially unable to obtain counsel—a lower standard than indigency."). Although Bealin paid the $5.00 filing fee, he also provided a prison trust account statement in October 2019 showing a starting balance of $0.00, an ending balance of $15.83, and average monthly deposits of $63.77. (Docket # 3.) Given his lack of assets, I conclude that Bealin is financially unable to obtain counsel.

Regarding whether the "interests of justice" will be served by the appointment of counsel, I look at two considerations: (1) whether the petitioner has attempted to obtain counsel on his own and (2) whether the difficulty of the case exceeds the petitioner's ability to litigate his claims himself. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). Bealin claims that he wrote three attorneys regarding taking his case; two declined and one did not respond. (Docket # 23.) Bealin provides letters from the attorneys who declined to represent him. (Docket # 24-1 at 1–2.) Therefore, I find that Bealin meets the initial threshold requirement of demonstrating a reasonable attempt to obtain counsel himself.

As to the second requirement, I must conduct "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt,* 503 F.3d at 655. The inquiries are intertwined; "the question is whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Whether a party appears competent to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including evidence gathering and responding to motions. *Id.* Regarding the

party's ability to litigate the case, the court should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. *Id.*

Bealin argues in his supporting brief that the issue involved in his case is complex and that he has received assistance in drafting his habeas petition. (Docket # 23 at 2.) He states that he does not have the mental ability to argue his own case and has been diagnosed with antisocial personality disorder, post-traumatic stress disorder, and hypertension. (*Id.*) Finally, Bealin argues that he has limited access to the law library. (*Id.*) Bealin's sole issue on habeas review is ineffective assistance of counsel. This is not an overly complex legal issue. While imprisonment does create certain difficulties with litigation, including having limited access to legal resources, this is true for all imprisoned habeas corpus petitioners and is not reason, in and of itself, to appoint counsel. Moreover, Bealin provides no medical documentation to support his position that his conditions render him incapable of litigating this case on his own.

While my appraisal of the complexity of the case and Bealin's ability may change as the matter proceeds, I cannot say at this time that the interests of justice require the appointment of counsel. For these reasons, Bealin's motion to appoint counsel is denied. Bealin has also filed a motion to stay the scheduling order in this case until I render a decision on his motion to appoint counsel. (Docket # 21.) Given the denial of his motion to appoint counsel, the motion to stay the scheduling order is now moot.

**NOW, THEREFORE, IT IS ORDERED** that Bealin's Motion to Stay Scheduling Order (Docket # 21) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Bealin's Motion to Recruit Counsel (Docket # 22) is **DENIED WITHOUT PREJUDICE**.

3

**IT IS FURTHER ORDERED** that Bealin shall file a second amended petition or a brief in support of his first amended petition by October 16, 2020.

Dated at Milwaukee, Wisconsin this 10th day of September, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge